Dora ROSENTHAL and Philip Rosenthal,
Plaintiffs,

v.

285 BUFFALO AVE. CORP. et al.,
Defendants.

Irving ALTMAN et al., Defendants and
Third-Party Plaintiffs,

v.

Mildred Toback KNYZ and Joseph Knyz,
Third-Party Defendants.

Civ. No. 20221.

United States District Court
E. D. New York.

Nov. 28, 1960.

Robert A. Mendelsohn, White Plains, N. Y., for third-party defendants.

Royall, Koegel, Harris & Caskey, New York City, for defendants and third-party plaintiffs; Stanley Godofsky, New York City, of counsel.

Held, Telchin & Held, New York City, for plaintiffs.

RAYFIEL, District Judge.

The third-party defendants have moved under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the third-party complaint, or, in the alternative, to strike the demand for interrogatories, dated August 19, 1960, served upon them by the defendants and third-party plaintiffs.

The facts, briefly, are as follows: In March, 1958, the third-party defendants were contemplating marriage. The defendants and third-party plaintiffs operate a catering establishment in Brooklyn, New York, known as Little Temple Beth Jacob. On March 16, 1958 the third-party defendant, Mildred Toback Knyz, then known as Mildred Toback, on her own behalf, and purportedly on behalf of her prospective husband, Joseph Knyz, entered into an agreement with the defendants and third-party plaintiffs

whereby she hired them to cater her wedding reception at one of the rooms in the said establishment on June 22, 1958.

The agreement contained the following provision:

"22. The proprietor (defendants and third-party plaintiffs) or its agents shall not be liable for any injury or damage to persons or property on the engaged premises for any reason whatsoever. Patron (third-party defendants) assumes the responsibility of so notifying all its employees, guests, visitors and invitees." (Matter in parenthesis added.)

During the course of the wedding reception the plaintiff, Dora Rosenthal, one of the guests present, sustained injuries, and brought this action to recover damages therefor. The defendants then impleaded the third-party defendants, claiming that their failure to notify their guests, pursuant to the aforesaid paragraph of the agreement, made them liable to the defendants and third-party plaintiffs for any damages that the latter might be required to pay.

The third-party defendants concede that they did not notify their "employees, guests, visitors and invitees."

The defendants and third-party plaintiffs, in opposition to the motion, contend that the said contract imposed a duty on the third-party defendants to notify the plaintiffs that the defendants and third-party plaintiffs would not be liable for any injury sustained on the premises by guests attending the reception and that if the plaintiffs had been so informed, and had attended the reception despite such notice, the defendants and third-party plaintiffs would not have been liable for the injuries sustained by the plaintiff Dora Rosenthal.

To support their position the defendants and third-party plaintiffs cite several cases establishing (1) that one party to a contract may agree to absolve an-other from liability for the latter's negligence, and (2) that the posting of signs by a shopkeeper notifying the public that he would not be responsible for the loss of clothing or other personal property absolves him from liability for such loss.

██ Those are doubtless sound legal principles, but they are inapposite to the case at bar. Firstly, the contract in question contains no provision whereby the third-party defendants agreed to hold the defendants and third-party plaintiffs harmless from or indemnify them for any damages they might suffer by reason of injuries sustained by a guest or employee. Secondly, the requirement for notification of the "employees, guests, visitors and invitees" is so unreasonable as to be unenforceable. Is it the contention of the defendants and third-party plaintiffs that each invitation to the wedding reception contain or be accompanied by a warning or caution that "you come at your own risk," or that "you come at your peril."? Or, perhaps, that the bride or groom, or someone in their behalf, announce, after the guests have assembled for the ceremony and reception, that the caterer will not be responsible for any illness or injury sustained by any person present due to food poisoning or any other cause? Obviously, it is unreasonable to expect that any such notification would be given to their guests by patrons of catering establishments. Of course, the defendants and third-party plaintiffs can, if they choose, install signs in prominent locations in their premises to the effect that they are not liable for any injuries or damage to persons or property, or that patrons enter at their peril. This might discourage the custom of faint-hearted prospective patrons and could conceivably have an unsalutary effect on their business.

The motion to dismiss the third-party complaint is granted.

Accordingly, it is unnecessary to pass upon the alternative motion.

Settle order on notice.